**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4411**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SONIER CHAVIS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:10-cr-00332-TDS-19)

Submitted:  December 20, 2011          Decided:  December 23, 2011

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sonier Chavis appeals his conviction and fifty-two month sentence after pleading guilty pursuant to a written plea agreement to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C.A. §§ 846, 841(b)(1)(A) (West 1999 & Supp. 2011). Chavis' counsel filed an Anders[*] brief asserting that there are no meritorious arguments for appeal. The Government declined to file a brief. Chavis was informed of his right to submit a pro se supplemental brief but has not done so. For the reasons that follow, we affirm.

Because Chavis did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged error under Federal Rule of Criminal Procedure 11(b)(1) by timely objection, review of his plea is for plain error. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002). To establish plain error, Chavis "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). The district court found that Chavis was competent to plead guilty and that the plea was entered into knowingly and voluntarily. The court fully explained Chavis' rights before accepting his plea. Chavis accepted the factual summary of the

_____

[*] Anders v. California, 386 U.S. 738 (1967).

2

offense offered by the Government. After reviewing the record, we conclude that the district court did not commit plain error in accepting Chavis' guilty plea.

Turning to Chavis' sentence, this court's review is for both procedural and substantive reasonableness, applying the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). First, the court must determine whether the district court correctly calculated Chavis' advisory Sentencing Guidelines ranges, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentences. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If a sentence is free of significant procedural error, the court will review the substantive reasonableness of that sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume that a sentence within the properly-calculated Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that the district court correctly calculated the advisory Guidelines range, considered the sentencing factors in § 3553(a), and sufficiently explained its selected sentence. The sentence is therefore procedurally reasonable. The district court imposed its sentence after considering the § 3553(a) factors, the arguments of the parties,

3

and the Government's motion for a downward departure based on Chavis' substantial assistance. Chavis offers no argument that the sentence is unreasonable, or any rebuttal of the presumption that the sentence is reasonable. See Gall, 552 U.S. at 51; Pauley, 511 F.3d at 468. We therefore conclude that the sentence is substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. The court requires that counsel inform Chavis, in writing, of the right to petition the Supreme Court of the United States for further review. If Chavis so requests but counsel believes any such petition to be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chavis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED